## A. L. OBER v. CHARLES H. BREWSTER.[1]

February 3, 1911.

Nos. 16,946—(242).

**Transfer of property in anticipation of death — action by administrator to set aside.**

In an action brought by an administrator to set aside the transfer of personal property made by the intestate in anticipation of death, *held*, the evidence justified the court in finding that the property was transferred to a third party in trust to pay the expenses and debts of the intestate after his

[1]Reported in 129 N. W. 776.

death, and to distribute the balance among the members of his family; that the wife and children acquiesced in this disposition of the property; and, ample provision having been made by the order of the trial court for the payment of the creditors, the record furnishes no ground for grievance on the part of the administrator.

Action in the district court for Olmsted county by the administrator of the estate of William Swarts, deceased, to have certain assignments and transfers of property adjudged fraudulent and void as against the creditors and widow of the deceased. The answer admitted the appointment of the administrator, and assignments to defendant and the allowance of two claims against the estate by the probate court, from the allowance of which appeals had been taken, and in case one claim was allowed on appeal, an offer to pay the same. The case was tried before Snow, J., who made findings that there was no conspiracy or intent to defraud in the transfers from Swarts to Brewster; that no consideration was paid therefor and that the transfers were valid and binding, except as against existing creditors and Swarts, and ordered that defendant pay plaintiff the sum of $128.77, to be paid to a specified creditor of the estate. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Joseph Underleak* and *Callaghan & Granger,* for appellant.
*Burt W. Eaton* and *O. E. Hammer,* for respondent.

LEWIS, J.

William Swarts, a resident of Olmsted county, died January 23, 1908, intestate, leaving a wife and five children. In May, 1907, he was the owner of certain notes and mortgages amounting to $5,766, and he assigned and delivered them to his son-in-law, Mr. Brewster, with directions to pay his wife $1,500, and to divide the balance equally among his five children, after paying his funeral expenses and $18 to an attorney. The administrator commenced this action on behalf of the widow and creditors to set aside the transfers upon the ground of conspiracy to defraud.

The court found that there was no fraud in the transaction, and that the assignments were made to Brewster in trust as above stated;

that he collected and had in his possession $5,575, after paying expenses as directed. Two claims were filed against the estate, one by the attorney for $121, and another for $165. The court found against appellant in all respects, and retained jurisdiction of the cause until the claims pending before the probate court should be determined.

The findings are supported by the evidence. The wife acquiesced in the arrangement, and all the children were content with the disposition of the property. Ample provision was made to take care of the pending claims, and we fail to see upon what ground the administrator can maintain this action. It is unnecessary to discuss the evidence.

Affirmed.

JAGGARD, J., took no part.